# Wagner's Estate (No. 1).

*Decedents' estates—Partition—Purchase money of land—Interest on purchase money.*

Where five of the seven heirs of a decedent purchase a farm of the decedent in partition proceedings, and give a note for the purchase money, having indorsed thereon a stipulation that it is to be paid out of the distributive shares of the makers, is to be without interest, and that the makers are to pay nothing thereon in cash, except as funds

might be required to pay the cost of settlement of the estate, the debts, or the distributive shares of the other two heirs, such note carries interest on the purchase price of the land in so far as it is in excess of the distributive shares of the heirs who purchased the land.

Argued Oct. 23, 1914. Appeal, No. 3, Oct. T., 1914, by David U. Wagner et al., from decree of O. C. Lebanon Co., July T., 1910, No. 4, sustaining exceptions to auditor's report in Estate of Gideon Wagner, deceased. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Exceptions to report of A. Stewart Ulrich, Esq., auditor.

From the record it appeared that Gideon Wagner died on May 2, 1910, intestate. Lydia Wagner, his widow, was appointed executrix of his estate, and subsequently trustee in partition proceedings. She sold as such trustee one of the farms of the decedent to five of the seven children of the decedent, and took a note from the purchasers in the following form:

"$2,669.58. LEBANON, PA., April 8, 1911.

"Sixty days after date, we jointly and severally promise to pay to Lydia Wagner, administratrix and trustee appointed by the orphans' court of Lebanon County to sell real estate, in the estate of Gideon Wagner, deceased, two thousand six hundred and sixty-nine dollars and fifty-eight cents, without defalcation, value received. Witness our hands and seals.

| | | |
|---|---|---|
| | G. U. Wagner, | (Seal) |
| Signed and sealed in the | David U. Wagner, | (Seal) |
| presence of Samuel T. | Lucy A. Wagner, | (Seal) |
| Meyer, Eri L. Meyer. | Cora A. Meyer, | (Seal) |
| | Emma L. Meyer. | (Seal) |

"ENDORSEMENT ON BACK

"The within note is given as security for an oral promise to repay an advancement of like amount made to

the five makers thereof who are children and heirs of .
Gideon Wagner, deceased, on account of their distrib-
utive shares out of the proceeds of the sale of his real
estate, and is not to bear interest at any time and not
to be paid except in case this money or any part thereof
may become necessary for the payment of costs, debts
and the distributive shares of the other two heirs as and
when determined by the orphans' court, and then only
so much thereof as may be necessary for said purposes,
deducting always from the face value of this note
the amount of the said distributive shares of the five
makers, and then to be paid only in time for such
distribution (the sixty days therein specified being taken
only as the probable time when said trustee may have
finished collecting this fund, filed her account and be
ready for distribution); this advancement is made at
this time to make it possible for the purchaser of the
large farm to take up his deed promptly by the aid
of four other heirs and thereby facilitate the distribution
of the money, and is intended to be in harmony with
the acts of assembly and the decisions of the courts in
analogous proceedings, but without going to the extra
cost of appointing a master, making searches, etc., and
therefore is at the risk of the trustee but with the con-
sent and approval of her bondsmen.

" (Signed)            SAMUEL T. MEYER, Att'y for
                    "Lydia Wagner, Trustee, etc."

The court on exceptions to the report of the auditor .
appointed to distribute the fund in the hands of the
trustee, surcharged the trustee with interest on two-
sevenths of the amount of the note, which interest she
had not collected.

*Error assigned* was the decree of the court.

*Samuel T. Meyer*, for appellants, cited: Warner's App.,
25 Pa. 352; Stewart's App., 110 Pa. 410; Bloodgood's

Est., 8 Pa. C. C. Rep. 545; Parker's Estate, 13 Pa. C. C. Rep. 453.

*E. E. McCurdy*, with him *G. H. Riegel, A. Frank Seltzer*, and *C. M. Seltzer*, for appellees, cited: Pollock's Est., 4 W. N. C. 182; Gable's App., 36 Pa. 395; Gable's App., 40 Pa. 231; Rodenbach's App., 102 Pa. 572.

OPINION BY TREXLER, J., March 11, 1915:

The five defendants bought the farm of their deceased father, which was sold by his widow as trustee in partition proceedings. They received the deed but did not pay the consideration money. Instead, they gave a note payable sixty days after date, which had an indorsement on its back, without date, to the effect that the consideration was to be paid out of the shares of the purchasing heirs, to be treated as an advancement to them, and the note was not to draw any interest at any time, nor be repaid, unless to such extent as funds were required to pay the cost of the settlement of the estate, the debts, or the distributive shares of the other two heirs; the purpose being that the purchasers might take the deed promptly and thereby facilitate the distribution of the funds in the hands of the trustee.

We need not, for the purposes of this case, question the fairness of the method of settlement so far as it only included the distributive shares of the defendants. The consideration to be paid for the farm so far as it was met by their shares in the estate, may be regarded as an advancement made to them by the accountant. On this the orphans' court did not require the payment of interest and did not surcharge the accountant. They would have ultimately received the money. But as to the excess over their distributive shares, the argument fails. As to that, the rule that is common to all transactions of this kind must prevail, that the deed having passed, the purchase money is due and bears interest.

The defendants had the ownership of the farm and the right to its occupancy and its products. Part of the shares of the other heirs not participating in the purchase was represented in the purchase price of the farm inasmuch as it exceeded the distributive shares of the purchasers. The other heirs did not participate in the benefits resulting from ownership. Certainly the accountant could not take one heir's share, or a part of it, and lend it to another without exacting interest. This was practically what was done in this case.

We think the lower court was right in surcharging the accountant with interest on the purchase price of the farm so far as it was in excess of the distributive shares of the heirs who purchased it.

The assignments of error are overruled, the decree is affirmed, and the appeal is dismissed at the cost of the appellant.